IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CR-98-5055 REC<br>No. CR-F-93-5049 REC<br><br>ORDER DENYING MOVANT'S MOTION TO RECALL DETAINER ISSUED FOR SUPERVISED VIOLATION IN NO. CR-F-98-5055 REC |
| Plaintiff/<br>Respondent, | | |
| vs. | | |
| JOSEPH JAMAL JOHNSON aka<br>JOSEPH JAMAUL JOHNSON, | | |
| Defendant/<br>Movant. | | |

On March 6, 2006, movant Joseph Jamal Johnson, proceeding <u>in pro per</u>, filed a Motion to Recall Detainer.

In No. CR-F-93-5049 REC, movant pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a). Movant was sentenced on August 30, 1993 to seventy months in custody and three years of supervised release.

In No. CR-F-98-5055 REC, movant was charged on February 12, 1998 with escape/attempted escape from federal custody in

1

1  violation of 18 U.S.C. § 751(a) and with escape from custody in
2  violation of 18 U.S.C. § 4082.  Movant pleaded guilty and was
3  sentenced on June 29, 1998 to four months in custody and 36
4  months of supervised release.  On October 27, 1998, a probation
5  violation form 12 was issued.[1]  On October 28, 1998, a no bail
6  arrest warrant for movant for violation of probation was issued.
7  On May 4, 2000, a Detainer Against Unsentenced Prisoner was
8  issued by the United States Marshal, Northern District of
9  California, to San Quentin State Prison, with regard to movant in
10 No. CR-F-98-5055 REC, which detainer states in pertinent part:

> Please accept this Detainer against the above-named subject who is an unsentenced prisoner currently in your custody.  The United States District Court for the <u>Eastern</u> District of <u>California</u> has issued an arrest warrant(s) charging the subject with the commission of the following offense(s):
>
> 18 U.S.C. 3606 – PROBATION VIOLATION
>
> Prior to the subject's release from your custody, please notify this office at once so that we may assume custody if necessary.  If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible.

21     Movant now moves the court to recall the Detainer.  Movant
22 asserts that he had been sentenced in state court to 36 years to

---

[1] Apparently, the probation violation form 12 was issued because of movant's conviction in the Alameda Superior Court of two carjackings, kidnapping in the commission of a carjacking, and two robberies which occurred on September 13-15, 1998.  <u>See</u> <u>People v. Johnson</u>, 2001 WL 1613808.

2

life when the Detainer was issued and that he seeks to have the Detainer removed so that he can get a gate/job pass from the state prison authorities.

Movant cites no authority permitting this court to "recall" the probation violation detainer and the court can find none. Furthermore, because the detainer is for a probation violation, movant has no right under the Constitution or Article III of the Interstate Agreement on Detainers to speedy disposition of the probation violation. See Carchman v. Nash, 473 U.S. 716 (1985); Moody v. Daggett, 429 U.S. (1976).

ACCORDINGLY:

1. Movant Joseph Jamal Johnson's motion to recall detainer is denied.

IT IS SO ORDERED.

**Dated: March 10, 2006**          /s/ Robert E. Coyle
668554                             UNITED STATES DISTRICT JUDGE